**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2016
Decided February 16, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

| | |
|---|---|
| No. 15-1161 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 12 CR 283-1 |
| MANTRELL L. JOHNSON, *Defendant-Appellant.* | Virginia M. Kendall, *Judge.* |

**O R D E R**

Mantrell Johnson pleaded guilty to possessing crack cocaine with intent to distribute and using a cell phone to commit that offense. *See* 21 U.S.C. §§ 841(a)(1), 843(b). He initially told authorities that he had purchased crack cocaine for resale weekly between 2004 and 2009, but by the time of sentencing he had recanted that testimony and argued that he should be held accountable only for two specific transactions in 2008. The district court found Johnson's recanted testimony sufficient to establish—for purposes of its analysis under 18 U.S.C. § 3553(a)—that he had engaged in "significant and serious" drug dealing. On appeal, Johnson challenges the procedural and substantive reasonableness of his above-Guidelines 180-month sentence. We affirm.

In August 2010, Chicago police arrested Johnson for violating Illinois law by being a felon in possession of a firearm with a defaced serial number. Johnson then provided sworn testimony supporting two state search-warrant applications, including one targeting a drug dealer named Ed White, who Johnson claimed to have seen with a firearm on multiple occasions. Police did, in fact, uncover a handgun during a search of White's home, so White was arrested on a state firearm charge. Almost a year later, Johnson signed an affidavit recanting his earlier statement, and this recantation led to the charges against White being dismissed. Following a bench trial in 2013, Johnson was sentenced to 5 years' imprisonment in his state case.

While his state case was pending, Johnson was charged in federal court with possessing with intent to distribute 63 grams of crack cocaine that he had obtained from Isaiah Hicks in May 2008, as well as two counts of using a cell phone to commit that offense. *See* 21 U.S.C. §§ 841(a)(1), 843(b). In a post-arrest statement, Johnson explained that Hicks had been introduced to him by Ed White, whom he identified as his regular supplier, and that he had bought crack cocaine from Hicks on two occasions when he was unable to reach White. Johnson estimated that he purchased approximately 13 kilograms of crack cocaine from White between 2004 and 2009, based on average weekly purchases during that time of 63 grams.

Johnson repeated his claims about purchasing drugs from White in a subsequent proffer interview and in testimony before a grand jury. During his grand jury testimony, Johnson also recanted his earlier recantation of his statement about seeing White with a gun; he now stated that he had seen White with a gun after all. White had a reputation for violence, Johnson explained, and had intimidated him into falsely recanting his statements in support of the state search-warrant applications.

The government prepared a draft plea agreement recommending that the 13 kilograms of crack cocaine Johnson had admitted to purchasing from White count as relevant conduct to his conviction for purchasing 63 grams of the drug from Hicks in May 2008. Remarkably, six months later Johnson again changed his story. At a status hearing, he testified this time that he had lied to the grand jury about purchasing crack cocaine from White in order to make himself more important in the government's eyes and, in the process, secure a more favorable plea deal. A year after that, Johnson pleaded guilty to reselling the 63 grams of crack cocaine he had purchased from Hicks in May 2008, and also to calling Hicks twice to facilitate that transaction.

No. 15-1161 Page 3

A probation officer calculated a Guidelines range of 235 to 293 months, based on a total offense level of 35 and a criminal-history category of IV. The offense level was boosted considerably by the inclusion of the 13 kilograms of crack cocaine as relevant conduct. Johnson objected, arguing that his inconsistent testimony was insufficient to establish by a preponderance of the evidence how much cocaine he had purchased from White.

The district court rejected the probation officer's relevant conduct finding, concluding that the evidence was sufficient to show that Johnson had purchased crack cocaine from White but insufficiently precise to establish the quantity of those purchases for purposes of relevant conduct. Thus, the court recalculated a Guidelines range of 92 to 115 months' imprisonment. And the court sentenced Johnson well above the range to 180 months for the possession count and 48-month concurrent sentences for each of the cell phone counts. The court justified its above-Guidelines sentence as necessary to punish Johnson for the additional purchases he had made from White and for his repeated efforts to manipulate the judicial system.

On appeal Johnson presents two procedural arguments, asserting first that the district court based its above-Guidelines sentence on unreliable evidence. His recanted statements, he maintains, were insufficiently reliable to support the probation officer's proposed relevant-conduct finding. As long as he is not regarded as a reliable witness, he says, then "his statements should not be credited either for the purpose of § 3553(a) or U.S.S.G. § 2D1.1 and § 1B1.3."

Because a factfinder may accept some parts of a witness's testimony while rejecting other parts, *see Whitehead v. Bond*, 680 F.3d 919, 926 (7th Cir. 2012), the court was entitled to accept Johnson's prior testimony that he purchased crack cocaine from White while finding his testimony about the precise quantities unreliable. Moreover, the court's conclusion that Johnson purchased some crack cocaine from White was partially supported by corroborating evidence introduced at the sentencing hearing, which showed that (1) White had supplied Hicks with powder cocaine, (2) Hicks sold drugs to Johnson, (3) Johnson purchased crack cocaine in 63-gram quantities, and (4) White had convinced Johnson to recant his testimony in White's state case. This corroborating evidence did not establish that Johnson purchased kilograms of crack cocaine from White, but it did provide a reasonable basis for the court to credit part of Johnson's recanted testimony.

Johnson also argues that the district court failed to justify the need for a sentence 65 months above the high end of the Guidelines range. He points to the court's acknowledgment that it could not estimate the amount of crack cocaine Johnson had resold over the years:

> [T]here is sufficient evidence in his statement to say that he was doing other drug sales, and I just don't know what those amounts are. I don't know what they are. It may be it was 63 grams per week. But with the evidence that I've been presented, I don't think there's enough to corroborate it.
>
> I do think there's enough to vary from the guideline sentence to increase the sentence for that drug dealing and not to give him a benefit for lying to the grand jury or to the Court and to the agents.

As Johnson sees it, the court's finding that he had bought some unquantifiable amount of drugs from White is so speculative and imprecise that it could not have justified a sentence nearly 50% above the top of the Guidelines range.

The district court did not err in citing these additional drug sales as one reason to impose an above-Guidelines sentence. Johnson cites no case—and we have found none—suggesting that a district court must support its § 3553(a) analysis by precisely calculating the drug quantity involved in a defendant's uncharged distribution offenses. *See United States v. Fraser*, 647 F.3d 1242, 1247 (10th Cir. 2011) (affirming above-guidelines sentence based in part on finding defendant had dealt between 150 and 500 grams of cocaine over a period of years). Moreover, the additional drug sales were not the only factor the court cited to justify the sentence; the court also expressed deep concern about Johnson's "egregious" efforts to manipulate the judicial system.

Johnson also challenges the substantive reasonableness of his sentence, faulting the district court for not using its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to sentence him as if his offense involved powder cocaine. He highlights comments from the court at sentencing that, he maintains, reflects the court's understanding that crack and powder cocaine were equally harmful to the community:

> I am adopting the crack cocaine amount that the Sentencing Commission has revised, because *I do think that the impact of the crime, regardless of whether it is powder or crack, is significant on a community*, and that anyone who is addicted to the crack cocaine has faltered in being a productive member of

No. 15-1161 Page 5

> the community. And I think that the Sentencing Commission has been grappling with it, as Mr. Brindley has said, and they've come up with this calculation based upon substantial information, and I'm going to adopt their—their findings in that regard. And I know this will continue on maybe for years and years to come.

If crack and powder cause equal damage to the community, Johnson insists, then the court should not have sentenced him so harshly.

Johnson mischaracterizes the court's comments; the court at no point suggested it thought crack and powder cocaine were *equally* harmful. The court concluded merely that it was going adopt the findings underlying the Sentencing Commission's 4:1 crack-to-powder ratio.

Additionally, the district court did not abuse its discretion in imposing an above-Guidelines sentence in this case. Although the court accepted Johnson's argument that it would be inequitable to triple his Guidelines range based solely on his inconsistent testimony, the court believed that an above-Guidelines sentence was necessary to punish him for his "significant and serious" drug dealing, and especially for his repeated obstruction of justice. The court noted Johnson's long history of serious—and sometimes violent—crimes, his substance abuse, and the need to adequately deter Johnson and others from dealing drugs in the future. It is true that Johnson's criminal history and obstruction were reflected in the court's Guidelines calculation, but the court reasonably believed that an above-Guidelines sentence was appropriate, particularly in light of Johnson's "egregious" manipulation of the judicial system. *See United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012) (recognizing that false testimony during court proceedings can justify a higher sentence under § 3553(a)); *United States v. Willis*, 523 F.3d 762, 770 (7th Cir. 2008) (same).

AFFIRMED.